## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| JASKIRAT SINGH, | : (electronically filed) |
| Defendant. | : |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Waiver of Indictment/Plea of Guilty.</u> The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, § 1349, Conspiracy to Commit

Wire Fraud. The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000, a maximum term of supervised release of 3 years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under

2

the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>Term of Supervised Release</u>. The defendant understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However,

nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

4. Fine.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

5. Alternative Fine.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.   <u>Sentencing Guidelines Calculation</u>

9.   <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty.

7

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court.  The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

10. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

## D.  <u>Sentencing Recommendation</u>

11. <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

9

b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

13. Forfeiture.  The present Information seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding,

11

the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

a. Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Information;

b. Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

12

c.  Waiver of the right to personal service of all process and naming of Phil Steinberg, Esq. as agent for service of all process;

d.  Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.  Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially

prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

14. <u>Disclosure of Assets</u>.  This Agreement is entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner

selected by the Government to verify the defendant's complete
and candid compliance with this provision of the Agreement.
The defendant also understands that a failure to make a full
disclosure or lack of candor revealed by a polygraph
examination would constitute a breach of this Agreement,
subjecting the defendant to the sanctions set forth in this
Agreement.  Conditioned upon such full disclosure, the United
States agrees not to seek the seizure/forfeiture of any of the
defendant's assets other than those set forth in this Agreement.

15. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth
above, the United States agrees not to seek forfeiture of any
other asset known to the United States by defendant's
disclosure to belong to the defendant or the defendant's family.
This Agreement does not prevent the IRS from the collection of
taxes or the seizure of assets to satisfy those taxes.

16. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.
By this Agreement, the defendant agrees to forfeit all interests
in the assets set forth above and to take whatever steps are

necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

## F.  Victims' Rights and Restitution

17.  <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

    a.  The right to be reasonably protected from the accused;

    b.  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

    c.  The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and

convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution

17

unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for the victim's dignity and privacy.

18.  Restitution.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek, and the Court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for

18

making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although

19

the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered

20

through forfeiture proceedings be remitted to crime victims to
reduce the defendant's restitution obligation in this case. The
defendant acknowledges that the making of any payments does
not preclude the Government from using other assets or income
of the defendant to satisfy the restitution obligation. The
defendant understands that the amount of restitution
calculated for purposes of Chapter 5 of the Sentencing
Guidelines might be different from the amount of loss calculated
for purposes of Chapter 2 of the Sentencing Guidelines.

19. <u>Destruction Order/Waivers.</u> The defendant further agrees,
should the United States deem it appropriate to the destruction
of the items seized during the course of the investigation. The
defendant agrees that the items may be destroyed by the
investigative agency with or without a court order authorizing
the destruction of the items seized. If the United States
determines that a destruction order should be obtained, the
defendant and defendant's counsel hereby concur in a motion for
such an order. The defendant further agrees to waive all

21

interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

G. **Information Provided to Court and Probation Office**

20. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

22

21. <u>Objections to Pre-Sentence Report</u>.  The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania's "Policy for Guideline Sentencing,"
both the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, applicable Sentencing
Guidelines ranges, and policy statements contained in or
omitted from the report.  The defendant agrees to meet with the
United States at least five days prior to sentencing in a good
faith attempt to resolve any substantive differences.  If any
issues remain unresolved, they shall be communicated to the
Probation Officer for inclusion in an addendum to the pre-
sentence report.  The defendant agrees that unresolved
substantive objections will be decided by the Court after
briefing, a pre-sentence hearing, or at the sentencing hearing,
where the standard or proof will be a preponderance of the
evidence, and the Federal Rules of Evidence, other than with

23

respect to privileges, shall not apply under Fed. R. Evid.
1101(d)(3), and the Court may consider any reliable evidence,
including hearsay. Objections by the defendant to the pre-
sentence report or the Court's rulings, will not be grounds for
withdrawal of a plea of guilty.

22. <u>Relevant Sentencing Information</u>. At sentencing, the United
States will be permitted to bring to the Court's attention, and
the Court will be permitted to consider, all relevant information
about the defendant's background, character and conduct,
including the conduct that is the subject of the charges that the
United States has agreed to dismiss, and the nature and extent
of the defendant's cooperation, if any. The United States will be
entitled to bring to the Court's attention and the Court will be
entitled to consider any failure by the defendant to fulfill any
obligation under this Agreement.

23. <u>Non-Limitation on Government's Response</u>. Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on

24

behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

**H.  Court Not Bound by Plea Agreement**

24.  <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

25. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

## I.   **Breach of Plea Agreement by Defendant**

26. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a

preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

27. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally

27

brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

28. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing. The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any

28

sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## J. Deportation

29. Deportation/Removal from the United States. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

30. Agreement to Deportation. The defendant understands that he/she will be deported from the United States as a result of

this conviction and the defendant agrees not to oppose any such removal/deportation proceedings or to appeal any order of removal/deportation. Furthermore, the defendant agrees to cooperate with the United States in all proceedings and actions related to deportation in order to expedite deportation.

a. **Stipulation to Judicial Order of Removal**.

b. The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, §§ 1228(c)(5) and 1182(a)(2)(A)(i)(I). Specifically, the defendant admits that he is a native and citizen of India and that he is removable from the United States pursuant to Title 8, United States Code, §§ 1228(c)(5) and 1182(a)(2)(A)(i)(I) because he was convicted of Conspiracy to Commit Wire Fraud and is conclusively presumed deportable from the United States.

c. **Voluntary Waiver of Rights**.

   i. After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly

30

and voluntarily waives the right to the notice and
hearing provided for in Title 8, United States Code, §
1228(c)(2) and further waives any and all rights to
appeal, reopen, reconsider, or otherwise challenge this
stipulated removal order.  The defendant understands
and knowingly waives his right to a hearing before an
immigration judge or any other authority under the
Immigration and Nationality Act ("INA"), on the
question of the defendant's removability from the
United States.  The defendant further understands the
rights the defendant would possess in a contested
administrative proceeding and waives these rights,
including the defendant's right to examine the evidence
against him, to present evidence on his behalf, and to
cross-examine the witnesses presented by the
government.

ii.  The defendant agrees to waive his rights to any and all
forms of relief or protection from removal, deportation,

31

or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, §§ 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal and has no present fear of persecution in India on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that the

defendant has not been tortured in, and has no present fear of torture in, India.

iii. The defendant hereby requests that an order be issued by this Court for his removal to India. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

iv. The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration and

any Court-imposed supervision, the defendant shall be removed to India.

d. **Assistance in the Execution of Removal.**

    i.    The defendant agrees to assist ICE in the execution of his removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, § 1253.

e.  **Re-entry and Penalties.**

    i.  The defendant concedes that the entry of this judicial order of removal renders him permanently inadmissible to the United States.  He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

    ii.  The Court's failure, for any reason, to enter the judicial order of removal, shall make this plea agreement, and the promises contained herein, null and void.

## K.  Appeal Waiver

31.  Appeal Waiver – Direct.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18,

United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

32. <u>Collateral Appeal Waiver.</u> The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this Agreement, the defendant voluntarily and knowingly waives the right to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including but not limited to a motion to vacate judgment under Title 28, United States Code, Section 2255; a

36

petition for a writ of habeas corpus under Title 28, United States Code, Section 2241; or any other motion or writ seeking collateral relief.  However, no provision of this agreement shall preclude the defendant from pursuing in an appropriate forum any appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.  In the event the defendant raises a claim of ineffective assistance of counsel, the defendant hereby agrees (a) that the Government retains its right to oppose any such claim on procedural or substantive grounds; and (b) that counsel for the United States may confer with any of the defendant's prior counsel whose performance is attacked in such a claim, for purposes of preparing any response or for any hearing necessitated by the filing of such a claim.

33. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this Agreement. The Government agrees that the mere filing of a

37

notice of appeal is not a breach of the Agreement. The
Government may declare a breach only after the defendant or
the defendant's counsel thereafter states, either orally or in
writing, a determination to proceed with an appeal or collateral
attack raising an issue the Government deems barred by the
waiver.  The parties acknowledge that the pursuit of an appeal
or any collateral attack constitutes a breach only if a court
determines that the appeal or collateral attack does not present
an issue that a judge may reasonably conclude is permitted by
an exception to the waiver stated in the preceding paragraph(s)
or constitutes a "miscarriage of justice" as that term is defined
in applicable law.

L.  **Other Provisions**

34. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state, or local law
enforcement agency.

35. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

36. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

37. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

38. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

39. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on

or before 5:00 p.m., October 7, 2025, otherwise the offer may, in

the sole discretion of the Government, be deemed withdrawn.

40. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.


## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

10-06-2025
_____
Date

_Jaskirat_
_____
Jaskirat Singh
Defendant


I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

10/6/25
_____
Date

_____
Philip Steinberg, Esq.
Nick Kuruc, Esq.
Counsel for Defendant

10-8-25

John C. Gurganus
Acting United States Attorney

10/09/25
Date

By: Robin Zenzinger
Robin Zenzinger
Assistant United States Attorney